UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORY CISSE,

Plaintiff,

v.

CHARTER TOWNSHIP OF BLOOMFIELD, *et al.*,

Defendants.

Case No. 26-cv-10663
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS (ECF NOS. 33, 34, 35)**

Plaintiff Mory Cisse brings this action against Defendant Charter Township of Bloomfield and six law enforcement officers, asserting eight claims stemming from an allegedly unlawful entry into Cisse's apartment and the use of excessive force. ECF No. 1. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 17.

Defendants moved for judgment on the pleadings in August 2026, and the Court ordered Cisse to respond by October 1, 2026. ECF No. 29; ECF No. 30. Cisse responded on September 11, 2026. ECF No. 31. Without first seeking leave to amend his response, Cisse filed a second

response that is nearly identical to the first, along with a declaration and exhibit. ECF No. 33; ECF No. 34; ECF No. 35.

The Court's local rules permit parties opposing a motion to file one response, including a brief and supporting documents. E.D. Mich. LR 7.1(c)(1). The rules also require a party to obtain the Court's leave to file more than one response to a dispositive motion. LR 7.1(c)(3); *Valassis Comms., Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015); *LaSalle Nat'l Bank Ass'n v. Wonderland Shopping Ctr. Venture Ltd. P'ship*, 223 F.Supp.2d 806, 808 n.1 (E.D. Mich. 2002). Because Cisse did not first seek leave, the Court **STRIKES** his second response and supporting documents.

The Court also **WARNS** Cisse that he may face sanctions if he continues to make improper filings. As previously explained, "[e]very paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). Cisse's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v.*

*Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).

If Cisse continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court." *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026). The Court may also revoke Cisse's electronic filing and electronic document upload privileges. *See Evans v. Robertson*, No. 24-13435, 2025 WL 3243458, at *3-4 (E.D. Mich. Nov. 20, 2025).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 18, 2026

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager